```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

  DEAN MOSES,

                        Plaintiff,           MEMORANDUM & ORDER
                                             23-CV-8267 (EK)(VMS)

          -against-

  GUNDO DESIGNS INC.,

                        Defendant.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

  Dean Moses brought this copyright infringement action against Gundo Designs, Inc., alleging that Gundo displayed Moses's photograph on a website without permission.  R&R at 9, ECF No. 14.  Moses moved for default judgment, and this Court referred the motion to Magistrate Judge Vera M. Scanlon for a Report & Recommendation (R&R).  *Id.* at 1-3.  Judge Scanlon recommends granting default judgment on liability and granting in part and denying in part on remedies.  She also recommends awarding plaintiff's counsel attorney's fees.  *Id.* at 18.  SLG timely filed an objection to the fee calculation.  Pl.'s Obj. to R&R ("Obj.") at 1, ECF No. 16.

  This Court adopts the R&R in full, writing briefly only to confirm that the R&R's fee calculation is appropriate under *both* the scale cited by Judge Scanlon and the scale set out in the more recent case that SLG invokes in its objection.

## I.   Background

The Court assumes the parties' familiarity with the facts. The Copyright Act permits a court to award "a reasonable attorney's fee" to the prevailing party. 17 U.S.C. § 505. Sanders Law Group ("SLG") seeks a total of $3,525.00. This is predicated on an hourly rate of $750 for Craig Sanders, the firm's founding partner, and $500 for two associates. Decl. in Supp. of Pl.'s Mot. For Default J. ("Decl.") at 3-4, ECF No. 12-2. Sanders worked .3 hours on this case, while two associates — Jaymie Sabilia-Heffert and Jacqueline Mandel — collectively worked 5.9 hours. *Id*. at 4-5.[1] SLG also submitted a survey of intellectual property litigators' hourly rates conducted by the American Intellectual Property Law Association in 2021. ECF No. 12-6.

Judge Scanlon accepted SLG's tabulation of hours worked, but reduced its proposed rates to $450 per hour for Sanders and to $325 per hour for the associates. R&R at 18. She observed that "in copyright cases, courts in the Eastern District have recently awarded hourly rates ranging from $300 to $450 for partners, $200 [to] $325 for senior associates, [and] $100 to $200 for junior associates." R&R at 16 (citing *Sadowski v. Yeshiva World News*, No. 21-CV-7207, 2023 WL 2707096, at *9

---

[1] Judge Scanlon also recommended a rate of $100 per hour for 1.8 hours of paralegal and law clerk time, which SLG does not object to.

(E.D.N.Y. Mar. 16, 2023)).  Judge Scanlon also cited recent decisions specifically reducing the rates requested by SLG.  R&R at 17-18.  Finally, she considered the credentials of SLG's attorneys.  *Id.* at 17.

SLG argues that Judge Scanlon erred by "rely[ing] on historic rates rather than current market rates."  Obj. at 6.  It cites a 2025 decision by a district court observing that "reasonable rate" scale that prevails in this district — and to which the R&R's scale closely corresponds — derives, *unchanged*, from a 2012 case.  *Rubin v. HSBC Bank USA*, 763 F. Supp. 3d 233, 240 (E.D.N.Y. 2025) (citing *Pall Corp. v. 3M Purification Inc.*, No. CV 03-0092, 2012 WL 1979297, at *4 (E.D.N.Y. Jun. 1, 2012)).  SLG asks this Court to increase its rates to $750 for Sanders and $500 for the associates "so as to make the requested award commensurate with current market conditions and . . . inflation."  Obj. at 2, 6.

## II.  Standard of Review

A district court reviewing a magistrate judge's R&R "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  The district court reviews *de novo* those portions of an R&R to which a party has specifically objected.  *Id.*; Fed. R. Civ. P. 72(b)(3); *see also Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290,

3

296 (E.D.N.Y. 2013) ("A proper objection is one that identifies the specific portions of the R&R that the objector asserts are erroneous and provides a basis for this assertion."), *aff'd*, 578 F. App'x 51 (2d Cir. 2014).[2]  If no party has specifically objected to a portion of the R&R, the Court reviews for clear error on the face of the record.  *See* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition; *accord* S*tate Farm Mut. Auto. Ins. Co. v. Grafman*, 968 F. Supp. 2d 480, 481 (E.D.N.Y. 2013).

Accordingly, this Court reviews Judge Scanlon's discussion of SLG's hourly rates *de novo*, and all other portions of the R&R for clear error.

### III. Discussion

The R&R's recommended hourly rates are appropriate. SLG correctly observes that the applicable rate scale should account for inflation and other relevant market dynamics.  *See Farbotko v. Clinton Cnty. of New York*, 433 F.3d 204, 208 (2d Cir. 2005) (district courts should not simply "recycl[e] rates awarded in prior cases without considering whether they continue to prevail").  And the rate must also, of course, account for the attorneys' skills, seniority, and credentials.  *Id.* at 209 (counseling "case-specific inquiry into the prevailing market

---

[2] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

4

rates for counsel of similar experience and skill"). But even after accounting for inflation and all other economic and case-specific factors, the R&R's recommended rates are eminently reasonable for this particular case.

SLG correctly observes that the *Sadowski* scale relied by Judge Scanlon conforms closely to the scale that *Pall Corp.* set out in 2012, despite the significant inflation observed in recent years. But *Rubin v. HSBC* — on which SLG relies, Obj. at 5-6 — does not support the firm's request, either. *Rubin* observed that, after adjusting for the inflation reflected in the Consumer Price Index, the *Pall Corp.* rates would now equal "$450-$650 for partners, $300-$450 for senior associates, [and] $150-$300 for junior associates." 763 F. Supp. 3d at 244.[3] Thus, even accounting for inflation, SLG's requested rates of $750 and $500 fall well outside the "prevailing" fee range, and the R&R's recommended rates are well within them.

SLG bears the burden of establishing that a higher rate within this range is warranted. *Farbotko*, 433 F.3d at 209. And it has not carried this burden. Courts determine a

---

[3] It has been reported that law firm fees have at times inflated at a faster rate than consumer prices have. *See, e.g.*, Thompson Reuters Institute, *2025 Report on the State of the US Legal Market* 8 (2025). There is some debate in the cases concerning how legal-fee rates should be updated for inflation. *See DL v. D.C.*, 924 F.3d 585, 589 (D.C. Cir. 2019) (discussing use of different indices to update legal fees). In the end, reports like the one cited above are insufficiently targeted to inform a particular fee range in this case.

5

reasonable rate by considering what "a paying client would be willing to pay" — that is, "the minimum necessary to litigate the case effectively." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008).  In this case-specific analysis, courts look to the complexity of the case and the credentials of the attorneys.  *See, e.g.*, *id.* at 186 n.3; *Martinez v. City of New York*, 330 F.R.D. 60, 71 (E.D.N.Y. 2019) (reducing requested fee in a "relatively straightforward" case notwithstanding counsel's "extensive experience"); *United States v. Sixty-One Thousand Nine Hundred Dollars & No Cents*, 856 F. Supp. 2d 484, 493-4 (E.D.N.Y. 2012) ("high-volume practices" based on repetitive fact patterns, such as "a trademark action against a fly-by-night infringer who defaults," merit lower rates).

SLG makes no reference to complexity in this case: its objection focuses exclusively on the need to account for inflation and related market conditions.  *See* Obj. at 2-6. Understandably so: a case-specific analysis here supports an hourly rate at the lower end of the *Rubin* scale here.  This is a simple, repetitive action, which thus merits a relatively low

fee. *Sixty-One Thousand*, 856 F. Supp. 2d at 494.[4] The case was litigated to a default. It presented no difficult or unusual legal questions; indeed, a copyright firm practiced in seeking default judgment would have made effective use of the copy-and-paste feature here.

The only other data SLG provides in support of its requested fees is a survey that other courts have already noted is of limited value and does not speak to the key considerations noted above.[5] *See, e.g.*, *Fedorova v. DML News & Ent., Inc.*, No. 23-CV-7468, 2024 WL 5119108, at *7 (E.D.N.Y. Oct. 10, 2024); *Mecea v. Yid Info Inc.*, No. 23-CV-8409, 2025 WL 926204, at *3 (E.D.N.Y. Mar. 27, 2025). And while SLG presented this survey to the magistrate judge, it did not invoke it in the objections under consideration here.

---

[4] According to WestLaw Analytics, Sanders has already filed 30 similar actions so far this year, just in the Eastern District of New York. *See* Craig B. Sanders, Intellectual Property & Technology Cases in The Eastern District of New York, WestLaw Litigation Analytics, https://1.next.westlaw.com/Analytics/Profiler?docGUID=I2BF171141DD211B281D7DB00B2047E3E&contentType=attorney&view=caseHistoryReport&dataOrchGUID=493bbd6ef34a4da4bd2a877a4a51aef3&transitionType=DocumentItem&contextData=(sc.Default)#/attorney/I2BF171141DD211B281D7DB00B2047E3E/caseHistoryReport.

[5] For one thing, the survey's sample sizes were small (it included responses from only nineteen partners and three partner-track attorneys in the New York area). ECF No. 12-6. For another, the survey included responses from IP lawyers across a variety of subspecialties — including some, like patent litigation, that are of limited utility in this context. *See Rates Tech., Inc. v. Mediatrix Telecom, Inc.*, No. 05-CV-2755, 2011 WL 1322520, at *3 (E.D.N.Y. Mar. 31, 2011) (patent litigation "can often be more complex than copyright law, requiring advanced technical expertise").

## IV. Conclusion

Reviewing *de novo* the rate determination, this Court will award the same fee recommended in the R&R. The Court sees no clear error otherwise, and adopts the remainder of Judge Scanlon's R&R in full.

Plaintiff's motion for default judgment is granted as to liability and granted in part and denied in part as to remedies. Plaintiff will be awarded $5,000 in statutory fees and $2,689.50 in attorney's fees. Plaintiff's request for a permanent injunction is denied.

The Clerk of Court is respectfully directed to enter judgment and terminate the case.

SO ORDERED.

    /s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:    August 5, 2025
           Brooklyn, New York

8